PER CURIAM.
In her appeal from a final judgment of dissolution of marriage, Deborah K. Combs, the former wife, raises five issues, and the former husband, William S. Combs, brings up three issues in his cross-appeal. We reverse in part only the issue in the former wife’s appeal claiming that the lower court abused its discretion by the manner in which it awarded to her a portion of the stock of Combs Lumber & Supply, Inc. Finding no abuse of discretion as to all of the remaining points in both the appeal and cross-appeal, we affirm them without further discussion.
We agree that the trial court erred by directing an indefinite delay in the transfer of the wife’s share in the stock of Combs Lumber & Supply, Inc., to her. The final judgment provided in part:
The Wife is hereby granted an equitable lien in the amount of twenty (20%) of stock, which 20% has a current value of $70,000. The Husband, at his election, may pay the Wife $70,000. If he fails to pay said $70,000 to the Wife within ninety (90) days of the date of this Final Judgment, the Wife will continue to retain an equitable lien on 20% of the Husband’s stock such that should the stock of the corporation be sold in the future, the Wife shall be entitled to 20% of the net proceeds of that sale.
As the former wife correctly points out, the award of an equitable lien in the company’s stock to her is for all practical purposes worthless. The effect of the judgment is to place in the hands of the husband the decision of when, if ever, she will be paid the amount ordered. Accordingly, this portion of the judgment is reversed and the cause remanded for the lower court to ascertain a reasonable date from the entry of the judgment when said amount shall be paid. The determination of whether it be paid in one lump sum or in installments is a matter within the court’s discretion.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, MINER and KAHN, JJ., CONCUR.